Ella Malott Evans v. Commissioner.
Evans v. Commissioner
Docket No. 111023.
United States Tax Court
1945 Tax Ct. Memo LEXIS 300; 4 T.C.M. (CCH) 198; T.C.M. (RIA) 45057; February 9, 1945
*300 Merlin M. Dunbar, Esq., 925 Circlue Tower, Indianapolis, Ind., for the petitioner. John D. Kiley, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: In this case respondent has determined that petitioner is liable as donee and transferee for a Federal gift tax for the year 1937 in the amount of $637.49. The sole issue is whether petitioner's liability is barred by the statute of limitations, and this issue depends upon whether petitioner is a transferee within the meaning of section 1025 (b), I.R.C. The parties have stipulated the facts, and we find them, accordingly, to be as follows: [The Facts] 1. The petitioner is now and was at all times herein mentioned a citizen of the United States, residing at 3445 North Pennsylvania Street, in Indianapolis, Indiana. 2. The taxes in controversy are gift taxes for the calendar year 1937 in the amount of $637.49 in respect of gifts of a value of $20,353.39 made by Edgar H. Evans, donor, in 1937. This petitioner, the wife of the donor, received from the donor in 1937 gifts of an aggregate value of $10,326.49 and the respondent has notified the petitioner that *301 she is liable as a donee and transferee of property of the donor in respect of the aforesaid gift tax liability, plus interest thereon as provided by law. 3. The donor, Edgar H. Evans, had made gifts prior to the calendar year 1937 and had claimed exclusions which the respondent has disallowed and has thus increased the amount of net gifts for prior years thereby subjecting the 1937 gifts to higher rates of tax. 4. The donor, Edgar H. Evans, filed his gift tax return for the calendar year 1937 on March 14th, 1938, with the Collector of Internal Revenue for the District of Indianapolis, Indiana, at Indianapolis, Indiana, reporting the gifts made by him as aforesaid in said year and paid the tax shown on the return. 5. The Commissioner has never mailed a notice of deficiency to Edgar H. Evans in his capacity as donor in respect of the gift tax liability in dispute in this proceeding. Said Edgar H. Evans, donor, at all times here material, has been financially able to pay the deficiency herein asserted. 6. The liability which the respondent is herein asserting against the petitioner has never been paid and that the amount and value of the gifts to the petitioner in 1937 exceeds *302 all unpaid tax liability in controversy herein, together with interest thereon as provided by law. 7. On March 3, 1942, the respondent mailed the notice of liability to the petitioner as donee and transferee of the property received by her as a gift from the donor. On the authority of Moore v. Commissioner, 146 Fed. (2d) 824, (CCA-2, January 18, 1945). Decision will be entered for the respondent.